**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JONATHAN LEE ELLIOTT, | No. 14-55283 |
| Plaintiff - Appellant, | D.C. No. 2:13-cv-00743-DMG-MRW |
| v. | |
| JANSSEN PHARMACEUTICALS, INC.; JOHNSON & JOHNSON, INC., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted January 20, 2016**

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Jonathan Lee Elliott appeals pro se from the district court's summary

judgment in his diversity action alleging state law claims arising from his use of a

prescription medication.  We have jurisdiction under 28 U.S.C. § 1291.  We review

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

de novo. *Tucker v. Baxter Healthcare Corp.*, 158 F.3d 1046, 1049 (9th Cir. 1998). We affirm.

The district court properly granted summary judgment on the basis that Elliott's action was time-barred because Elliott filed his action more than two years after his claims accrued and he failed to raise a genuine dispute of material fact as to whether he was entitled to delayed accrual. *See* Cal. Code Civ. Proc. § 335.1 (two-year statute of limitations for personal injury actions); *Slovensky v. Friedman*, 49 Cal. Rptr. 3d 60, 68 (Ct. App. 2006), *as modified on denial of reh'g* (setting forth California law regarding delayed accrual of the statute of limitations).

We reject as unsupported Elliott's contention that he was entitled to statutory tolling.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

All pending requests and motions are denied.

**AFFIRMED.**

14-55283